UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, <br><br> Plaintiff, <br><br> v. <br><br> AUDREY L. WATKINS; LOUIS C. JAMERSON, Jr.; VERA A. GRANT; and SALEH Q. MURSHED, d/b/a as KINGS FOOD GROCERY STORE, <br><br> Defendants. | No.  1:15-cv-00115 JAM-GSA <br><br> **FINDINGS AND RECOMMENDATIONS RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br><br> (Doc. 27) |

**INTRODUCTION**

Plaintiff, Ronald Moore ("Plaintiff") filed the instant Motion for Default Judgment against Defendants, Audrey L. Watkins, Louis C. Jamerson, Jr., and Vera A. Grant ("Defendants").[1] Defendants did not file an opposition.  The matter was taken under submission pursuant to Local Rule 230(g).  Upon a review of the pleadings, the Court recommends that Plaintiff's Motion for Default be GRANTED IN PART.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed this action on January 21, 2015. (Doc. 1).  He seeks damages and injunctive relief pursuant to the Americans with Disabilities Act ("ADA"), California Civil Code §

---

[1] Plaintiff also filed this suit against Saleh Q. Murshed d/b/a Kings Food Grocery Store, the owner and operator of the subject business.  Plaintiff entered into a settlement agreement with Mr. Murshed that resolved Plaintiffs' claims for injunctive relief regarding violations within the store (Doc.1, ¶ 10(d)-(e), and a monetary settlement in the amount of $5,500.00.

1

51("Unruh Civil Rights Act"), and the California Health and Safety Code § 19959.  Plaintiff, a disabled wheelchair user, alleges that Defendants Audrey L. Watkins, Louis C. Jamerson, Jr., and Vera Grant are the owners of the property that houses Kings Food Grocery Store located at 839 East California Avenue, Fresno, California 93706 ("the facility").  (Doc. 27-3, pgs. 2-4).  Plaintiff contends that when he visited the facility he encountered barriers that interfered with his ability to use and enjoy the goods and services offered.  Plaintiff seeks an injunction, statutory damages, attorney's fees and costs.

Defendants were served with the summons and complaint in February 2015.  (Docs. 4, 7, and 8).  None of the Defendants filed an answer.  The Clerk's Office subsequently entered default pursuant to the Plaintiff's request.  (Docs. 12, 13, and 17).  Plaintiff filed the instant Motion for Default Judgment and seeks and award amount of $6,183.74. (Doc. 27-1, pg. 12).  Despite being served with the motion, Defendants have not filed a Motion to Set Aside the Default, nor have they responded to the Motion for Default Judgment.  Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (Doc. 27-2, pg. 2).

## **DISCUSSION**

### A.    *Legal Standard*

Federal Rule of Civil Procedure 55(b)(2) outlines the requirements for a motion for default judgment and provides the following:

> (2)    By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth

of any allegation by evidence; or (D) investigate any other matter.

Factors which may be considered by courts when exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

A plaintiff is required to prove all damages sought in the complaint.  *See, Televideo Sys., v. Heidenthal*, 826 F. 2d 915, 917-918 (9th Cir. 1992).  In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint.  Fed. R. Civ. P. 54(c).  If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default.  *See, Cripps v. Life Ins., Co. Of N. Am.*, 980 F. 2d 1261, 1267 (9th Cir. 1992).  However, "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true."  *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**B.     Analysis**

   **1.     The *Eitel* Factors Weigh In Favor of Default Judgment**

      **a.     Prejudice to Plaintiff if Default Judgment is not Granted**

If default judgment is not entered, Plaintiff will effectively be denied a remedy until such time as Defendants participate and make an appearance in the litigation – which may never occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor.  *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D.

Cal. 2003).

      **b.**      **Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims pled in the complaint.  In weighing these factors courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought.  *See Danning v.Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).  Accordingly, the Court will examine each of Plaintiff's claims.

*The ADA*

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation.  42 U.S.C. § 12182(a).  "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011) (en banc).  Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable."  42 U.S.C. § 12182(b)(2)(A)(v).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited

4

under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

According to the complaint, Plaintiff went to the facility and encountered barriers associated with parking spaces, routes for exit and egress, and insufficient clearances for wheelchairs. The Complaint identifies approximately five separate "barriers." (Doc. 1, ¶10). Plaintiff alleges that as a result of the barriers he is deterred from visiting Kings Food Grocery Store.  He contends that the barriers complained of are easy to remove, but Defendants have not altered the store to comply with accessibility standards. (Doc. 1, pgs. 5-7). As such, Plaintiff has met his burden to state a prima facie Title III discrimination claim.

*The Unruh Act*

Pursuant to the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in this state on account of disability. Cal. Civ. Code § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Here, Plaintiff alleges that Defendants denied him full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on his disability. (Doc. 1, ¶¶ 37-40). Moreover, because Plaintiff's complaint properly alleges a prima facie claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

*California Health and Safety Code § 19955*

Under the California Health and Safety Code § 19955, it is mandated that all public accommodations constructed in California comply with the requirements of Government Code

5

§ 4450.  Pursuant to Section 4450, "all buildings, structures, sidewalks, curbs, and related facilities, construed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities."  Cal. Gov't Code § 4450.  Additionally, non-exempt public accommodations constructed prior to July 1, 1970, and later altered or structurally repaired, are required to comply with the same requirements of the California Health and Safety Code.  Cal. Health & Safety Code § 19959.

Plaintiff incorporates his allegations regarding the barriers he encountered at the facility.  Further, he alleges that the facility is a public accommodation "constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the facility was not exempt under the Health and Safety Code § 19956."  (Doc. 1, ¶ 44.)  Although largely boilerplate, this claim is sufficiently pled.  *See Loskot v. D & K Spirits, LLC,* No. 2:10-cv-0684-WBS-DAD, 2011 WL 567364, at *3 (E.D. Cal. Feb. 15, 2011) (noting that, although "plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief" under the ADA for purposes of default judgment).

The complaint sufficiently states these causes of action and there appears to be merit to the substantive allegations.  Therefore, these *Eitel* factors weigh in favor of default judgment.

          **c.**    **Sum of Money at Stake**

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment.  Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions.  *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).  Here, Plaintiff is seeking a default judgment in the amount of $4,000.00 in statutory damages and $6,183.74 in attorney's fees and costs.  This is not a particularly large sum of money which weighs in favor of granting default

judgment.

### d. Dispute Concerning Material Facts

With regard to this factor, no genuine issue of material fact is likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendants have submitted nothing to contradict the well-pled allegations. Accordingly, this factor favors entry of default judgment.

### e. Default Due to Excusable Neglect

Defendants have failed to file a responsive pleading or oppose the Motion for Default Judgment. There is no evidence that Defendants' failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

### f. Strong Policy Favoring Decision on the Merits

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed when compared with the other applicable factors that weigh in favor of granting default judgment.

## 2. Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

### a. Injunctive and Declaratory Relief

Plaintiff's complaint seeks an injunction requiring Defendants to make the following changes and accommodations at the subject facility : a) a properly configured and identified van-accessible parking stall with adjacent access aisle shall be provided, which shall be located on the shortest accessible route of travel to the designated accessible facility entrance; b) a properly configured curb ramp shall be provided to afford access from the parking lot to the sidewalk leading to the Facility entrance; and c) a proper clear, level exterior landing shall be provided at

the facility entrance.  As the factual allegations in the complaint are taken as true, Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law.  *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.").

### b. Statutory Damages

The Unruh Civil Rights act provides for, among other things, a minimum statutory damages amount of $4,000 per violation.  Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination").  Plaintiff asserts that he is entitled to $4,000 in statutory damages pursuant to the California Civil Code § 52(a).

Plaintiff has sufficiently alleged facts indicating that he visited the property on one occasion and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered.  (Doc. 1, ¶¶ 36-39). Thus, Plaintiff is entitled to $4,000 in statutory damages.

### c. Attorney's Fees and Costs of Litigation

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion.  The fee award is calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1146-48 (9th Cir. 2001).  The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts.  First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonably hourly rate.  *See D'Emanuele [v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990)]; *Hensley [v. Eckerhart*, 461 U.S. 424,] 461 (1983).  The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.  *See Hensley*, 461 U.S. at 433.

8

> A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.  Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).  The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high.  *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041,1045 (9th Cir. 2000).

Here, Plaintiff seeks an award of $ 4,723.00 for the total billable time spent on the matter, as well as $1,460.74 in costs.  (Doc. 27-1, pg.12:7-11.)  Specifically, Plaintiff requests $3,780.00 for 12.6 hours of work expended by Ms. Tanya Moore, Esq. at an hourly rate of $300.  Plaintiff also seeks $943.00 for 8.2 hours spent by paralegal Whitney Law at an hourly rate of $115.00.  (Doc. 27-1, pg. 12, lines 7-8).  Plaintiff notes that the monetary award to Plaintiff should include an offset of $5,500.00 to reflect the settlement previously entered into with Defendant Murshed.  (Doc. 27-1, pg. 12, line 21-22).

**(i)     Ms. Moore's Rate and Time Expended**

After analyzing the billing entries and time records submitted by Plaintiff's counsel, the Court finds that 12.6 hours billed by Ms. Moore is unreasonable.

With regard to the hourly rate to be charged, courts generally calculate these rates according to the prevailing market rates in the relevant legal community.  *Blum*, 465 U.S. at 895.  In general, courts utilize the rates of attorneys practicing in the forum district.  *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (1993); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991).  The fee applicant bears the burden of producing sufficient evidence that the requested

rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

In the instant case, Counsel has requested a $300 hourly rate for the work performed in this case. This request is consistent with the rates awarded to Ms. Moore for work previously done on cases in this district. *Moore v. E-Z-N-Quick*, 2014 WL 1665034 at * 6 (E.D. Cal., April 24, 2014) ($300.00 per hour); *Moore v. Ruiz*, 2012 WL 3778874, at * 6 (E.D. Cal., Aug. 31, 2012); *Ruiz v. Gutierrez v. Onanion et al.*, *2012 WL 1868441* at * 2 *(E.D. Cal. May 22, 2012* ($300.00 per hour); *Delgado v. Sadik*, 2011 U.S. Dist. LEXIS 146186 at *17 (E.D. Cal. Dec. 19, 2011) ($300.00 per hour); *Delgado v. Mann Brothers Fuel Inc.*, 2010 WL 5279946 at *4 (E.D. Cal. Dec. 13, 2010) ($350.00 per hour).

Although the rate requested is reasonable, the Court finds the number of hours billed is excessive given the complexity of this case and Ms. Moore's experience in litigating these types of actions. By way of her own declaration, Ms. Moore has filed over 500 of these cases. (Doc. 27-2, pg. 2, ¶ 7). However, in January 10, 2015 through January 21, 2015, Ms. Moore billed 2.3 hours to draft the complaint in this case. (Doc. 27-3, pg. 6). A review of this complaint contains mostly boilerplate language that Ms. Moore has filed in other cases except that paragraph ten is changed to list the five alleged ADA violations. (Doc. 1, pg. 10). This should not have taken more than one hour to prepare. Therefore, 1.3 hours will be deducted from Ms. Moore's billing.

Additionally, several of Ms. Moore's billing entries for .1 hour relate to clerical tasks that should not have taken that much time to complete. For example, on February 17, 2015, Ms. Moore billed .1 hour to assess declining or consenting to magistrate judge jurisdiction; on April 16, 2015, she billed .1 hour to review the minute order assigning this case to U.S. District Court Judge Mendez; and on April 27, 2015, Ms. Moore billed .1 hour to review a minute order vacating a hearing date. (Doc. 27-3, pgs. 7-8). These entries are either excessive or are clerical

tasks that should not be billed at an attorney rate, and will therefore be reduced from the award amount. Given the above, deductions, the Court will recommend awarding Ms. Moore $3,300.00 for 11.0 hours of work to litigate this case.

### (ii) Paralegal Rate and Time Expended

The Court finds that the 8.2 hours expended by paralegal Whitney Law is reasonable. Moreover, $115.00 per hour for paralegal services has also been found to be reasonable in this district. *Delgado v. Sadik*, 2011 U.S. Dist. LEXIS 146186 at *17 ($115.00 per hour); *Gutierrez v. Onanion et al.*, 2012 WL 1868441 at * 2 ($115.00 per hour); *Delgado v. Mann Bros. Fuel Inc.*, 2010 WL 5279946 at *4 ($115.00 per hour). Accordingly, the Court recommends that Plaintiff be awarded 8.2 hours of paralegal time expended at an hourly rate of $115.00 for a total of $943.00.

### (iii) Litigation Expenses and Costs

Finally, Plaintiff's request for costs in the amount of $1,460.74 for filing fees, service of process, postage and photocopies is appropriate.

### RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiff's Motion for Default Judgment in favor of Plaintiff and against Defendants be GRANTED as specified below;

2. Defendants, Audrey L. Watkins, Louis C. Jamerson, Jr., and Vera Grant are in violation of Title III of the ADA, for the purpose of establishing damages under the California Unruh Civil Rights Acts;

3. Plaintiff shall be AWARDED statutory damages in the amount of $4,000.00 payable by Defendants to the Moore Law Firm, P.C. Trust Account and delivered to the Moore Law Firm, P.C., 332 North Second Street, San Jose, California 95112;

4.      Plaintiff shall also be awarded reasonable attorneys' fees in the amount of $ 4,243.00, and costs in the amount of $1,460.74 (for a total amount of $5,703.74) less an offset of $5,500.00 paid by defendant Saleh Q. Murshed dba Kings Food Grocery Store in his settlement with Plaintiff.  Therefore, each Defendant is responsible for a total of $203.74 in attorney's fees and costs, payable to Defendants to the Moore Law Firm, P.C. Trust Account and delivered to the Moore Law Firm, P.C.,  332 North Second Street, San Jose, California 95112;

5.      Defendants are ORDERED to remediate the barriers at its facility commonly known as Kings Food Grocery Store, located at 839 East California  Avenue, Fresno California 93706 to conform to ADA Guidelines (28 C.F.R. 36) and the California Code of Regulations Title 24 requirements as follows:

> a) A properly configured and identified van-accessible parking stall with adjacent access aisle shall be provided, which shall be located on the shortest accessible route of travel to the designated accessible facility entrance;
>
> b) A properly configured curb ramp shall be provided to afford access from the parking lot to the sidewalk leading to the facility entrance; and
>
> c) A proper clear, level exterior landing shall be provided at the facility entrance.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fourteen (14) days of service of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler,* 772 F. 3d 834, 839 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**October 8, 2015**__                __**/s/ Gary S. Austin**__
                                                    UNITED STATES MAGISTRATE JUDGE